NOT DESIGNATED FOR PUBLICATION

No. 124,831

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL DEAN ODOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; DANIEL CAHILL, judge. Submitted without oral argument. Opinion filed January 31, 2025. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Kayla L. Roehler*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

PER CURIAM: This is Michael Dean Odor's direct appeal of his convictions for the rape of a child and taking aggravated indecent liberties with that same child who was younger than age 14. He claims two trial errors. First, he argues that the trial court's exclusion of some evidence elicited during his cross-examination of the victim was erroneous and denied him a fair trial. Second, Odor contends that the trial court abused its discretion by allowing an amendment to the complaint that expanded the period when the crimes were allegedly committed.

1

*A young girl shares a secret with a friend and a prosecution results.*

In September 2017, while talking with a friend, Alice (a pseudonym) shared a secret that a relative had touched her inappropriately. Her friend then told Alice that what happened was not okay and she needed to tell her parents. Alice did not want to tell her parents, but her friend told Alice that if Alice did not tell her parents then her friend would tell them. To keep her friend from telling her parents, Alice disclosed the sexual abuse to her mom. After that initial disclosure, Alice then reported the sexual abuse to the police and a forensic interviewer at Sunflower House—a child advocacy center.

Based on Alice's report, the State charged Odor with rape and aggravated indecent liberties of Alice, a child younger than 14. At that point, the State alleged that the offenses occurred between October 1, 2010, and March 1, 2011, when Odor was living in Alice's home.

*Some evidence elicited during Alice's cross-examination was excluded.*

During cross-examination, Odor sought to question her about the secrets conversation with her friend. The lawyer asked what secret her friend had revealed that prompted Alice's response:

> "[Odor's Lawyer]: Okay. And I think you said that you had told [Alice's friend] over the summer what had happened, does that sound right?
> "[Alice]: Yes, sir.
> "[Odor's Lawyer]: Because she had told you about something that had happened?
> "[Alice]: Yes, sir.
> "[Odor's Lawyer]: Was it something similar to this?
> "[Alice]: No, sir.
> "[The State]: Judge I'm going to object because that's entirely irrelevant."

2

Odor argued that the evidence was relevant because the friend's secret provided context to Alice's disclosure:

> "[Odor's lawyer]: Judge, I'm just trying to figure out what the nature of this conversation was that she had with [Alice's friend], if it was something that kids say, yeah, my [relative] touched me, and we say oh, well, my[relative] touched me, I know, too, something like that.
>
> We've had a lot of conversation about what she told [Alice's friend] and what [Alice's friend] told her and all of a sudden now things are getting out of bounds just because I'm asking about what the secrets that were shared that caused this whole topic to come up and what the context of it was, and I think that we have sufficiently gotten into that to make that allowable here."

The State responded that the questions asked on direct examination about Alice's friend and their conversation were not hearsay and the friend was not going to testify at trial. The State also argued that the friend's secret might involve potential other allegations of sexual abuse wholly separate from Alice, from Odor, and from this case. The State characterized the evidence sought to be admitted by Odor as irrelevant and inappropriate as it would be "outing another child."

The trial court agreed with the State, finding there was not a sufficient nexus because the evidence was not relevant. Accordingly, the trial court excluded the evidence:

> "I don't think it's a sufficient nexus. I don't think there's any real relevance to these other things. Clearly, you know, there were conversations going on with this other young lady that were about things that had happened to them. I'm just not — I'm not seeing the connection as to what other topics were discussed other than these that we're here for today, so I'm going to sustain your objection, and I don't think it's relevant."

*The State amended the complaint by alleging different dates.*

Then, based on all the evidence presented at trial—from both the State and Odor—the State moved to amend the complaint to widen the range of dates when the offenses occurred. Odor did not expressly object to the amendment:

> "Your honor, I think you've accurately stated the place of law. It does make it a little difficult sometimes to defend yourself about what may have happened over a three-year span of time, but under the facts of this case it wasn't like we were going to have one specific night that if they'd have just been more detailed we would have had, you know, a ticket to the movies for that night or something like that. So I'll leave it to the court's discretion."

The trial court found that Odor's ability to prepare his defense based on the charges was not prejudiced by the amendment. And the court specifically found that Odor's defense theory did not rely on alibi evidence and thus the amendment did not prejudice Odor. Accordingly, the trial court allowed the amendment to the complaint. The expanded date range alleged the crimes occurred between July 1, 2009, and June 1, 2012.

Because the jury found Odor guilty of rape and aggravated indecent liberties of Alice, a child younger than age 14, he asked for both a downward dispositional and durational departure for his sentence. The court denied his request. The court sentenced Odor to two consecutive terms of life imprisonment without the possibility of parole for 25 years, followed by a lifetime postrelease supervision.

*We turn to the question of the trial court's exclusion of some evidence.*

There is no doubt that trial judges must have discretion to admit and deny the admission of evidence during a trial. Each trial is unique. The parties are unique. The

4

issues are unique. And in each, justice is unique. Unless barred by statute, constitutional provision, or caselaw, "all relevant evidence is admissible." K.S.A. 60-407(f); *State v. Waldschmidt*, 318 Kan. 633, 657, 546 P.3d 716 (2024).

The gamut for evidence to be admitted begins with relevance, continues with materiality, and ends with what is proven. Relevant evidence is "evidence having any tendency in reason to prove any material fact." K.S.A. 60-401(b). Relevancy consists of two elements: materiality and probity. *Waldschmidt*, 318 Kan. at 657; *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). A material fact is one that has some real bearing on the decision in the case. Evidence is probative if it tends to prove a material fact. To be admitted then, evidence must be relevant, material, and probative. *State v. Alfaro-Valleda*, 314 Kan. 526, 533, 502 P.3d 66 (2022).

In turn, we review questions of materiality unrestricted by the district court's ruling and questions of probity for any possible abuse of discretion. *Waldschmidt*, 318 Kan. at 657. Trial courts have the discretion to exclude evidence, even if relevant, where the court finds the evidence's probative value is outweighed by the potential the evidence produces undue prejudice. K.S.A. 60-445; *Alfaro-Valleda*, 314 Kan. at 535.

Odor argues that it was erroneous when the trial court excluded any evidence of what Alice's friend told Alice in confidence during their secret-for-secret exchange. He contends that this exclusion violated his right to a fair trial and deprived him of his constitutional right to present his defense.

When the issue is the erroneous exclusion of evidence at trial—as it is here—there is an additional preservation requirement. A proper proffer of the substance of the evidence sought to be admitted is required for an appellate court to be in a position to review a challenge to its exclusion. See K.S.A. 60-405; *State v. Hillard*, 313 Kan. 830, 839, 491 P.3d 1223 (2021). But a formal offer of proof is not required when an adequate

5

record that discloses the evidence the party seeks to introduce is made. *State v. White*, 316 Kan. 208, 212, 514 P.3d 368 (2022). Our trouble here is the lack of any proffer in the record.

When we look in this record, instead of a proffer we find speculation:

> "[Odor's lawyer]: Judge, I'm just trying to figure out what the nature of this conversation was that she had with [Alice's friend], if it was something that kids say, yeah, my [relative] touched me, and we say oh, well, my[relative] touched me, I know, too, something like that.
>
> We've had a lot of conversation about what she told [Alice's friend] and what [Alice's friend] told her and all of a sudden now things are getting out of bounds just because I'm asking about what the secrets that were shared that caused this whole topic to come up and what the context of it was, and I think that we have sufficiently gotten into that to make that allowable here."

The trial court was not convinced by this speculation, ultimately ruling the evidence irrelevant:

> "I don't think it's a sufficient nexus. I don't think there's any real relevance to these other things. Clearly, you know, there were conversations going on with this other young lady that were about things that had happened to them. I'm just not — I'm not seeing the connection as to what other topics were discussed other than these that we're here for today, so I'm going to sustain [the] objection, and I don't think it's relevant."

Like the trial court, we are unpersuaded by this speculation. Generally, speculative evidence is inadmissible. See *State v. Bornholdt*, 261 Kan. 644, 666-67, 932 P.2d 964 (1997). Odor never fully explains why this evidence is material.

In our view, the excluded evidence does not relate to a material fact. The material fact in dispute—based on Odor's defense—was whether the acts happened, and the

6

excluded evidence was not relevant to proving the nonexistence of the acts as alleged. For evidence to be probative and thus relevant, it must tend to prove a material fact. *Alfaro-Valleda*, 314 Kan. at 533. The evidence was not probative. The fact that Alice's friend shared a secret with her— which may or may not have prompted Alice's initial disclosure—has little probative value in establishing the acts as alleged by Alice.

While this evidence may provide some background to what prompted Alice to disclose, the evidence has no significance in determining whether Odor raped and engaged in lewd fondling or touching of Alice. The evidence merely speculated that the friend's secret—a secret which was not similar to Alice's secret—lent context or some other collateral information concerning what led Alice to tell her friend that Odor had touched her inappropriately. The speculative evidence does not imply or suggest that the acts did not occur. See *State v. Seacat*, 303 Kan. 622, 643, 366 P.3d 208 (2016).

There is no reversible error here.

*The amendment of the complaint to conform to the evidence was proper.*

Odor next argues that the trial court abused its discretion when it allowed the State to amend the dates in the complaint. The court allowed the State to amend the date range that alleged that Odor committed the offenses from July 1, 2010, and March 1, 2011, to allege that Odor committed the offenses between July 1, 2009, to June 1, 2012. The court ruled that because there were no additional or different crimes charged and Odor's substantial rights were not prejudiced, the complaint should conform to the evidence and reflect the expanded period.

We review a trial court's decision to grant a motion to amend a complaint for an abuse of discretion. *State v. White*, 316 Kan. 208, 213, 514 P.3d 368 (2022). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2)

7

it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The burden is borne by the party asserting that the trial court abused its discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Under K.S.A. 22-3201(e), the State may amend a complaint at any time before a verdict if the amendment charges no additional or different crimes and if the defendant's substantial rights are not prejudiced. Courts use five factors to determine whether an amendment creates the possibility of prejudice to the defendant's substantial rights: (1) the date was a critical issue; (2) the change implicates the statute of limitations; (3) the amendment affects an alibi defense; (4) time was an element of the offense; or (5) there is any surprise to the accused. *White*, 316 Kan. at 213-14. We will examine the record to decide whether any of these factors come into play here.

The first factor shows no prejudice to Odor's substantial rights. The date was not a critical issue because the witnesses testified that Odor lived with Alice's family for five or six months. Some witnesses were unsure when the five- or six-month period occurred, leading to some conflicting testimony concerning when Odor lived with the family. But the time frame was not a critical issue, and the testimony created the necessity for the amendment to the time frame in the complaint. The second and third factors also do not weigh in favor of prejudice, given that the amendment did not implicate the statute of limitations and Odor did not rely on an alibi defense at trial.

The fourth factor also does not weigh in favor of prejudice. Time was not an element of either offense. The elements of rape require the State to prove:

- Odor intentionally engaged in sexual intercourse with Alice while Odor was over 18 and Alice was younger than 14 at the time of the offense. See K.S.A. 21-5503(a)(3) and (b)(2).

8

And to convict Odor of aggravated indecent liberties, the State had to prove:

- Odor engaged in lewd fondling or touching of Alice,

- Odor intended to arouse the sexual desires of Alice or himself, and

- Odor was over 18 and that Alice was younger than 14 at the time of the offense. See K.S.A. 21-5506(b)(3).

Finally, the fifth factor does not weigh in favor of prejudice. Amending the time frame in the complaint was not a surprise to Odor. Odor was aware that testimony conflicted between witnesses concerning the time frame during which he lived with Alice's family—including Odor's own testimony. Odor argued in his motion for a directed verdict that the time frame for when the offenses occurred had not been established during the State's evidence.

Odor did not present a defense that relied on any dates or alibi evidence. Rather, his defense was a general denial that any of the alleged acts occurred. Therefore, the amendment to the complaint did not prejudice Odor's substantial rights. Accordingly, the trial court did not abuse its discretion by allowing the State to amend the complaint during trial. We find no abuse of discretion. We see no reversible error here.

Affirmed.